**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52296/52297**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 27, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THOMAS ELBERT SMALLEY, III, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Cassia County. Hon. Blaine P. Cannon, District Judge.

Judgment of conviction and unified sentence of three years with a minimum period of confinement of one year for possession of a controlled substance; consecutive, unified sentence of five years with a minimum period of confinement of two years for battery on a correctional officer, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 52296, Thomas Elbert Smalley, III pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In Docket No. 52297, Smalley pled guilty to battery on a correctional officer, I.C. § 18-915(2)(b). The district court withheld judgment in both cases and placed Smalley on probation for a period of three years. Subsequently, Smalley admitted to violating the probation. At the disposition hearing, the district court revoked the withheld judgment and probation, entered a judgment of conviction, and imposed a unified term of three years with one year determinate in Docket No. 52296 and a consecutive, unified term of five years

1

with two years determinate in Docket No. 52297, and retained jurisdiction.  On appeal, Smalley does not challenge the district court's decision to revoke probation and enter a judgment of conviction, but argues only that the district court abused its discretion by imposing consecutive sentences.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.  Therefore, the orders revoking probation and imposing consecutive sentences are affirmed.